UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN MANUEL RIVERA,

       Petitioner,                      Civil Case No. 16-12378
                                                 Criminal Case No. 13-20775
v.                                                 Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

       Respondent.
_____/

**ORDER GRANTING GOVERNMENT'S UNOPPOSED
MOTION TO STAY § 2255 LITIGATION PENDING THE
SUPREME COURT'S DECISION IN *BECKLES V. UNITED STATES***

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       January 9, 2017      

PRESENT:    Honorable Gerald E. Rosen
                        United States District Judge

In a judgment entered on July 10, 2014, Petitioner Jean Manuel Rivera was sentenced to three concurrent 51-month terms of imprisonment and an additional 84-month term of imprisonment, to be served consecutively to his 51-month sentence, following his guilty plea to possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime, being a felon in possession of a firearm, and theft of government money, property, or records. In Petitioner's Rule 11 plea agreement, the parties agreed (i) that Petitioner was

subject to a mandatory minimum sentence of 7 years' imprisonment for his conviction of possessing a firearm in furtherance of a drug trafficking crime, and (ii) that for the remaining counts of conviction, Petitioner's advisory sentencing range under the U.S. Sentencing Guidelines was 63 to 78 months. This latter sentencing range was derived through the application of § 2K2.1(a)(4)(A) of the Guidelines, which establishes a base offense level of 20 if a defendant has a prior "felony conviction of either a crime of violence or a controlled substance offense," and the commentary accompanying this provision states that "crime of violence" is to be defined by reference to § 4B1.2(a) of the Guidelines and application note 1 of the commentary to § 4B1.2.

In a motion filed through counsel on June 24, 2016, Petitioner seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551 (2015), and the Sixth Circuit's subsequent ruling in *United States v. Pawlak,* 822 F.3d 902 (6th Cir. 2016), his prior Florida conviction for robbery no longer qualifies as a "crime of violence" as that term is defined in § 4B1.2(a) of the Guidelines. It follows, in Petitioner's view, that his base offense level under § 2K2.1 was improperly increased to 20 in light of a prior conviction that should not have been deemed a "crime of violence," and that this increased offense level, in

turn, triggered an erroneously elevated advisory sentencing range that the Court considered in fashioning his sentence.[1]

In lieu of a response to this motion, the Government has moved to stay these § 2255 proceedings pending the Supreme Court's decision in *Beckles v. United States,* No. 15-8544, *cert. granted,* 136 S. Ct. 2510 (2016).[2] In support of this request for a stay, the Government observes that *Beckles* promises to resolve three questions that are potentially relevant to the proper disposition of Petitioner's motion: (i) whether the Supreme Court's holding in *Johnson* invalidating the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), applies to the identically-worded residual clause in § 4B1.2(a)(2) of the Guidelines; (ii) if so, whether the invalidation of § 4B1.2(a)(2)'s residual clause under the reasoning of *Johnson* should apply retroactively on collateral review; and (iii) what role the commentary to § 4B1.2 should play, in the wake of *Johnson,* in determining whether a given offense qualifies as a "crime of violence."

---

[1] Petitioner also has filed a § 2255 motion on his own behalf, apparently arguing that the Supreme Court's decision in *Johnson* somehow affects the lawfulness of his conviction and sentence for possession of a firearm in furtherance of a drug trafficking crime. For present purposes, the Court need not address the merits of this *pro se* motion.

[2] *Beckles* was argued on November 28, 2016, and a ruling could be issued at any time between now and the end of the Supreme Court's term in June of this year.

Under similar circumstances to those presented here, both the Sixth Circuit and other courts in this District have deemed it appropriate to hold § 2255 motions in abeyance pending the Supreme Court's decision in *Beckles*. *See, e.g., In re Patrick,* 833 F.3d 584, 589-90 (6th Cir. 2016); *In re Embry,* 831 F.3d 377, 382 (6th Cir. 2016); *United States v. Vaughn,* No. 04-80983, 2016 WL 7385723, at *2 (E.D. Mich. Dec. 21, 2016); *United States v. Pary,* No. 13-20142, 2016 WL 4376207, at *1 (E.D. Mich. Aug. 17, 2016); *United States v. Rodriguez,* No. 13-20405, 2016 WL 4124096, at *1 (E.D. Mich. Aug. 3, 2016). Upon reviewing these decisions and others to the same effect, the Court agrees that a stay is likewise warranted in this case, so that the Supreme Court may address, and perhaps resolve, the above-cited questions that could potentially prove decisive here.[3] Accordingly,

---

[3] The Court expresses no view, of course, as to whether the forthcoming ruling in *Beckles* will actually be determinative of the issues raised in Petitioner's § 2255 motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Government's August 8, 2016 motion to stay this § 2255 litigation pending the Supreme Court's decision in *Beckles v. United States* (docket #30) is GRANTED. IT IS FURTHER ORDERED that the present § 2255 proceedings are STAYED pending a ruling in *Beckles* or until further order of this Court. Once the Supreme Court issues its decision in *Beckles,* the Court will establish a schedule for further briefing on Petitioner's § 2255 motion.

             s/Gerald E. Rosen
             United States District Judge

Dated:  January 9, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2017, by electronic and/or ordinary mail.

             s/Julie Owens
             Case Manager, (313) 234-5135