UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JEAN MANUEL RIVERA<br><br>  Defendant. | Case No. 13-20775<br>Honorable Laurie J. Michelson |

**ORDER ON REQUEST FOR HOME CONFINEMENT OR COMPASSIONATE RELEASE AND APPOINTING COUNSEL [34]**

Defendant Jean Manuel Rivera pleaded guilty to drug, gun, and theft offenses. He was sentenced by retired District Judge Gerald E. Rosen to a little over 11 years in prison. Due to the ongoing coronavirus pandemic, the Court received a letter from Rivera requesting compassionate release or release to home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. The letter, though, does not contain sufficient information to enable the Court to rule on the request for compassionate release. Thus, as to that relief, the request will be denied without prejudice, but the Court will appoint the Federal Community Defender's Office to evaluate Rivera's situation and determine whether any further action should be taken on his behalf.

**I.**

Rivera is presently serving his sentence at the Coleman Federal Correctional Institution in Sumterville, Florida. Bureau of Prisons, "Find an inmate," https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited July 16, 2020). His letter advises that he has a number of underlying health conditions that he believes put him at risk for complications from the serious and deadly coronavirus. (ECF No. 34.) These conditions

include breathing problems for which he uses a CPAP machine, heart problems, and high blood pressure. (ECF No. 34.) Rivera also contends that the prison facility is not taking adequate safety precautions. (*Id.*) So he asks the Court for compassionate release or relief under the CARES Act "to be less of a risk of contracting COVID-19." (ECF No. 34, PageID.168.)

## II.

Rivera is "seeking to be placed on home confinement" under the CARES Act. (ECF No. 34, PageID.169.) In normal circumstances, under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons (BOP) has the authority, toward the end of a defendant's sentence, "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." And now, under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020). Under guidance from the Attorney General, "[t]he BOP began reviewing all inmates who have COVID-19 risk factors . . . to determine which inmates are suitable candidates for home confinement." *United States v. Flenory*, No. 05-80955, 2020 U.S. Dist. LEXIS 78602, at *9 (E.D. Mich. May 5, 2020).

But as with the First Step Act, "[t]he CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." *United States v. Coker*, No. 14-CR-085, 2020 U.S. Dist. LEXIS 66286, at *5 (E.D. Ky. Apr. 15, 2020); *see also United States v. James*, No. 15-255, 2020 U.S. Dist. LEXIS 69973, at *5 (D. Minn. Apr. 21, 2020) ("Although the First Step Act expanded release opportunities, courts have observed that 'it is BOP—not the courts—who decides whether home detention is appropriate. . . .'" (citations omitted)). Thus, this Court does not have the authority to order Rivera released to home

confinement under the CARES Act. *See Coker*, U.S. Dist. LEXIS 66286, at *5; *James*, 2020 U.S. Dist. LEXIS 69973, at *5.

As mentioned, Rivera also seeks "compassionate release." (ECF No. 34, PageID.167–168.) Under a different portion of the First Step Act, the Court has the authority to reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Act further provides that the Court may grant this so-called "compassionate release" upon (1) a motion by the BOP or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Even during the coronavirus pandemic, this exhaustion is mandatory. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). But Rivera's letter does not indicate whether he first requested relief from the warden and, if so, when he made the request. Nor does he provide any medical documentation or discussion of the § 3553(a) factors, including whether he poses any danger to the community, which is also part of the compassionate release analysis. *See* 18 U.S.C. § 3852(c)(1)(A)(i).

Thus, Rivera has failed to demonstrate exhaustion and has provided insufficient information for the Court to determine whether he is entitled to a sentence reduction. So his request will be DENIED WITHOUT PREJUDICE. But given his expressed medical conditions, the Court

will appoint the Federal Community Defender's Office to determine whether any further action is warranted on Rivera's behalf.

    IT IS SO ORDERED.

    Dated: July 16, 2020

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE